IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEADING EDGE LOGISTICS LLC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 14-11260 (MFW)<br><br>Jointly Administered |

Objection Deadline: September 21, 2018, at 4:00 p.m. (ET)
Hearing Date: October 10, 2018, at 2:00 p.m. (ET)

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AN ORDER (I) PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN JNR ADJUSTMENT COMPANY, INC. AS COLLECTION AGENT, NUNC PRO TUNC TO AUGUST 7, 2018; AND (II) GRANTING WAIVER OF LOCAL RULE 2016-2**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), submits this application (the "Application"), for (a) authority to employ and retain JNR Adjustment Company, Inc. ("JNR") as collection agent to pursue collection of default judgments previously obtained by the Trustee on behalf of the Debtors' estates, effective *nunc pro tunc* to August 7, 2018, pursuant to sections 327 and 328 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (b) a waiver of Local Rule 2016-2 with regard to time keeping requirements. In support of the relief

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Leading Edge Logistics LLC (2293); Alliance Traffic Group, LLC (0161); LEL Enterprises LLC (1052); and LEL Caribe, LLC (0104). The Debtors' address is 2098 West Chester Pike, Broomall, PA 119008.

sought in the Application, the Trustee submits the declaration of Robert Nielsen (the "Nielsen Declaration"), attached hereto as Exhibit A and incorporated herein by reference. In support of this Application, the Trustee respectfully submits as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

### Introduction

4. On May 19, 2014 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under Chapter 7 of Title 11 of Bankruptcy Code (the "Chapter 7 Cases"). Alfred T. Giuliano was appointed the Trustee.

5. Schedules of assets and liabilities and statements of financial affairs were filed by each of the Debtors on the Petition Date.

6. Prior to the Petition Date, the Debtors were based in Broomall, Pennsylvania, and were a privately-held global logistics management company that provided truckload transportation, specialized heavy haul transportation, freight forwarding, international shipping, intermodal, air/ocean, contract carriage, and warehousing.

7. The initial meeting of creditors for the Debtors was conducted and concluded on June 24, 2014.

8. On July 23, 2014, the Court entered an order authorizing joint administration of the Chapter 7 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9. The Trustee has determined, subject to this Court's approval, to retain JNR as collection agent in connection with the administration of these Cases.

## Relief Requested

10. By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee seeks entry of an order authorizing him to retain and employ JNR, effective as of August 7, 2018, and pursuant to the terms of the Agreement (as defined below) as collection agent to pursue default judgments previously obtained by the Trustee in the following matters listed below:

| Adv. Pro. No.: | Defendant: | Default Judgment Amount: |
| --- | --- | --- |
| 16-50963 | Land Air Express of New England, Ltd. | $23,008.13 |
| 16-50761 | ATF Trucking, LLC | $36,176.81 |
| 16-50847 | GIJ Trucking LLC | $86,544.75 |
| 16-50963 | Land Air Express of New England, Ltd. | $49,414.95 |
| 16-50962 | Moran Trucking, Inc. | $13,800.00 |
| 16-50946 | Polux Transportation | $36,750.00 |
| 16-50927 | Loxia | $33,045.99 |

**Basis for Relief Requested**

11. Section 327(a) of the Bankruptcy Code provides that a Chapter 7 trustee may employ accountants and other professional persons to represent or assist the Chapter 7 trustee in carrying out the Trustee's duties only if such accountants and professional persons are disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest adverse to the estate.

12. Section 328(a) of the Bankruptcy Code empowers a Chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, professional persons to perform services for a Chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

13. JNR has advised the Trustee that JNR neither (i) holds an adverse interest in connection with the Chapter 7 Cases; or (ii) represents any other entity having an adverse interest in connection with the Chapter 7 Cases, except as disclosed in the Nielsen Declaration.

**Qualifications and Disinterestedness**

14. The Trustee has selected JNR because of its experience and knowledge and believes that JNR has no disqualifying conflicts of interest.

15. Established in 1970, JNR is a leading collection services company with 160 employees, with offices in Minneapolis, Minnesota and Orlando, Florida, and is well-qualified to assist the Trustee with respect to matters on which it is to be employed. JNR is an S-Corp business dealing in part with recovery of receivables pertaining to chapter 7 bankruptcies.

Each of JNR's recovery adjusters are licensed and trained consistently in the professionalism of the Fair Debt Collection Practices and JNR is HIPAA and GLBA compliant.

16. JNR has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors' pending Chapter 7 Cases, entities that are claimants of the Debtors or other parties-in-interest in the Chapter 7 Cases. JNR has not—except as disclosed in the Nielsen Declaration—and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or the Chapter 7 Cases. The Trustee believes JNR is qualified to represent the Trustee in the Chapter 7 Cases.

### Services to be Provided

17. Pursuant to the Collection Services Agreement (the "Agreement") attached hereto as Exhibit C, JNR will pursue collection of default judgments previously obtained by the Trustee in the adversary proceedings listed above. As part of these collection efforts, JNR will contact defendants and their representatives on behalf of the Trustee to negotiate settlements of the default judgments, payment terms for any such settlements, and receipt of settlement funds that will be promptly remitted to the Trustee. As part of these collection efforts, JNR may be able to collect settlement payments from defendants through credit cards, Paypal, ACH, or other similar methods that the Trustee could not process directly. If JNR collects funds from defendants through those payment methods, JNR will promptly turn those funds over to the Trustee. Any settlement payments collected by check will be endorsed over to the Trustee.

## Compensation and Waiver of Local Rule 2016-2

18. The Trustee requests that JNR be compensated on a contingency fee basis pursuant to the Commission provision in the Agreement as follows:

The Commission amounts shall be based upon classification of the Account.

- Collection and/or Subrogation: JNR shall be paid a 20% commission of the amount collected (25% commission of the amount collected for Accounts under $20,000).

- Returns: JNR shall not be entitled to any commission for accounts recalled by Client at any time, unless payment is received on the account within thirty- (30) days of its recall by Client and such payment is a direct result of JNR's efforts. In such case, the commission earned by JNR shall be the same as set forth above, whichever applies, subject to Article 3 of the Agreement.

19. The Trustee respectfully submits that, inasmuch as JNR's compensation arrangement is based on a contingency fee, requiring JNR to file periodic fee applications pursuant to sections 330 and 331 of the Bankruptcy Code and in compliance with Bankruptcy Rule 2016 and Local Rule 2016-2 is unnecessary. JNR will be employed by the Trustee to perform highly-specialized tasks. JNR will not be compensated based upon time and effort expended, but instead on a contingent fee basis. Given the transactional nature of JNR's engagement and the contingent fee structure, the Trustee submits that recording and submission of detailed time entries for services rendered in these cases is unnecessary and would be unduly burdensome to JNR. Accordingly, the Trustee requests that the requirements of Local Rule 2016-2(d) be waived pursuant to Local Rule 2016-2(g). Under the circumstances, the Trustee submits that it is appropriate and reasonable for JNR to be compensated without being required to file fee applications as contemplated by sections 330 and 331 of the Bankruptcy Code.

20.     The Trustee submits that JNR's contingency fee is reasonable in these circumstances.

### Notice

21.     The Trustee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition lenders; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

22.     No previous application for relief sought herein has been made to this or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order attached hereto as Exhibit B, authorizing the retention of JNR as collection agent to the Trustee, *nunc pro tunc* to August 7, 2018, in connection with these Cases and grant such other and further relief as is just or proper.

Dated:  September 7, 2018

/s/ *Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Leading Edge Logistics LLC, *et al.*